[Civ. No. 4990.  First Appellate District, Division Two.—December 29, 1924.]

## A. McADOO, Respondent, v. HAROLD MOORE, etc., Appellant.

[1] BROKER'S COMMISSIONS—SALE OF GOODS—CONDITIONS — PERFORMANCE.—While it is true, generally speaking, that a broker earns his commission when he produces a purchaser ready, able, and willing to purchase according to the terms upon which he was employed to sell, a different legal situation arises where a broker is employed to negotiate a sale, and negotiates a contract of conditional sale, in which case he is bound to show that the condition has occurred which converts the conditional sale into an actual sale—a binding contract between the parties.

[2] ID.—SALE SUBJECT TO APPROVAL OF SAMPLE—REJECTION BY PURCHASER—ABSENCE OF VALID CONTRACT.—Where goods were sold by a broker representing the seller subject to approval of a sample to arrive weeks later, and when the sample arrived it was not satisfactory to the buyer and was not approved, the purchaser was not bound to take the goods and there was no valid, enforceable contract of sale and purchase between the parties.

[3] ID.—CONTRACTS—CONDITIONS—PERFORMANCE.—Where a broker was employed by the seller to negotiate a sale of goods, and the goods were sold subject to approval of a sample to arrive weeks later, there was no completed sale until the sample to be submitted to the purchaser was approved and accepted, and the employment of the broker being to negotiate a sale, the commission was not earned by negotiating a conditional sale, the condition of which was never fulfilled.

[4] ID.—ACTION TO RECOVER COMMISSIONS—CONDITIONS—PERFORMANCE—EVIDENCE.—In an action by the broker against the seller to recover a commission, the seller was entitled to show the arrival of the samples that were to be submitted to the buyer; that the samples were submitted to the representative of the buyer, who had been dealing with the seller, and were refused by him as being unsatisfactory, and that he thereupon refused to purchase the goods; and the rejection of such evidence by the trial court constituted reversible error.

(1) 9 C. J., p. 595, n. 29, p. 603, n. 68, p. 604, n. 69.   (2) 9 C. J., p. 604, n. 70.   (3) 9 C. J., p. 603, n. 68.   (4) 4 C. J., p. 1003, n. 61, p. 1165, n. 60.

1.  Performance by real estate broker of his contract to find a purchaser or effect an exchange of his principal's property, note, 44 L. R. A. 593.  See, also, 4 R. C. L. 315; 4 Cal. Jur. 587.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Thomas, Beedy & Presley for Appellant.

Goldman & Altman for Respondent.

LANGDON, P. J.—Plaintiff, as assignee of Lilienthal-Williams Company, brokers, brought this action to recover from the defendant certain commissions claimed to be due said brokers for services rendered by them in negotiating contracts of sale of merchandise, in which the defendant was the seller.

The complaint contained two causes of action, but the plaintiff dismissed the first cause of action and recovered judgment upon the second count.

There is no dispute about the facts, many of them being covered by stipulation of the parties. It was stipulated that Lilienthal-Williams Company was employed as broker to negotiate a sale betwen the defendant and L. H. Butcher Company. The brokers' memorandum of the transaction was introduced in evidence. It called for "35 long tons Australian Buttermilk Lactic Casein." The pertinent portion of the memorandum upon appeal is the statement that the sale was made: "Subject to Approval Sample Shipped." The agreement between the buyer and seller (Butcher Company and the defendant) covering this transaction was dated April 2, 1923, and contained this statement: "Special Conditions: *Subject to approval of sample now in transit.* Shipment guaranteed to be equal to said sample. Inspection allowed."

The plaintiff proved the execution of this contract for a conditional sale; that the merchandise called for was never delivered and that the Butcher Company was ready, willing, and able to furnish a letter of credit as called for by the contract of sale, and the manager of this company stated that the company did not refuse to carry out its part of the contract, but he also stated that he did not know whether or not a sample of the merchandise was ever submitted to the com-

pany. The defendant offered testimony to the effect that samples of the merchandise were submitted by the defendant to the Butcher Company. Further testimony along this line was objected to and the objections sustained. The defendant then offered to prove that the samples to be submitted to the purchaser under the conditional contract arrived by boat about April 24, 1923, twenty days after the agreement was entered into; that the samples were submitted to the representative of Butcher Company, who had been dealing with the defendant, and were refused by him as being unsatisfactory, and he thereupon refused to purchase the goods.

The trial court refused to admit evidence upon these matters, taking the position that as the broker had negotiated a contract between the parties, the commission was earned regardless of whether or not the contract was ever performed. It is this ruling which is assigned as error and which is vital to the rights of the parties hereto.

We think the appellant's position is well taken. [1] While it is true, generally speaking, that a broker earns his commission when he produces a purchaser ready, able, and willing to purchase according to the terms upon which he was employed to sell, a different legal situation arises where a broker is employed to negotiate a sale, as in the instant case, and negotiates a contract of conditional sale. He then is bound to show that the condition has occurred which converts the conditional sale into an actual sale—a binding contract between the parties. The contract before us is in effect, as characterized by appellant, nothing more than an offer. This is not a case where samples were presented to the purchaser which were acceptable to him, and the goods warranted to be equal to sample. In such a case, the purchaser would have no choice but to accept the goods if they conformed to the sample. [2] But here we have a case where the goods were sold *subject to approval of a sample* to arrive weeks later. When the sample arrived it was not satisfactory and was not approved. The purchaser was not bound to take the goods and there was no valid, enforceable contract of sale and purchase between the parties.

The case in principle, is precisely like the recent case of *Ball* v. *California Conserving Co.,* 189 Cal. 326 [207 Pac. 1011]. That was an action to recover broker's commission for negotiating a sale of "tomato paste," the contract of

sale containing the following provisions: "Subject this year's delivery meeting buyer's approval"; "2½% brokerage to Ball-Lockhart." The supreme court said:

"Appellant herein contends that as to the Russo & Co. sale the goods offered by the seller did not meet with the buyer's approval, and hence that the condition in the contract of sale in that respect not having been fulfilled, and the contract for that reason having been canceled, the plaintiff was not entitled to recover any commissions upon such sale.

"We see no answer to this contention.

"The memorandum of sale upon which the plaintiff relies for recovery contains the express provision that the goods must meet the buyer's approval. This provision renders it an executory contract of sale upon a condition subsequent, without the fulfillment of which there could have been no completed sale under said contract. The right of the broker to recover commissions must be held to have depended upon a completed sale; and this not having been consummated it follows that the right of the plaintiff to recover his commissions under the contract with Russo & Co. must fail."

[3] Likewise, in the instant case, there was no completed sale until the sample to be submitted to the purchaser was approved and accepted. The employment of the broker being, according to plaintiff's stipulation, to negotiate a sale, the commission was not earned by negotiating a conditional sale, the condition of which was never fulfilled.

[4] It appearing that the rejected evidence was vital to the defendant's case and determinative of its rights, its exclusion compels a reversal of the judgment.

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1925.

All the Justices concurred.