ALMA CANNING COMPANY *v.* ROHMER.

4-8652                                                     215 S. W. 2d 521

Opinion delivered November 29, 1948.
Rehearing denied January 3, 1949.

*Hardin, Barton & Shaw,* for appellant.

*Gean & Gean,* for appellee.

WINE, J.    Appellant, Alma Canning Company, brings this appeal from a judgment in the sum of $330 recovered in the Crawford Circuit Court by appellee Rohmer, alleged to have been due appellee as commission or brokerage fee for obtaining a purchaser for two railroad carloads of canned corn.    It is the contention of appellee that pursuant to his agreement with appellant, he procured a buyer, Waples Platter Company of Fort Worth, Texas, ready, able and willing to buy 4,400 cases of two dozen cans each *standard grade corn* at a price of $1.25 per dozen cans for an aggregate sale price of $11,000; that he was entitled to a brokerage fee or commission of three per cent of the total sale price, which fee would amount to $330.

Appellant denies that appellee had authority to sell any of its merchandise in the Dallas and Fort Worth

trade territory; denied that it had confirmed the orders in question; denied any liability whatsoever to appellee, contending that under its brokerage arrangement with appellee, he only had authority to take and submit orders in territory where appellant was not represented by local brokers and further, that in any event, before this broker would be entitled to a brokerage fee or before a contract of sale is made, it is imperative that the packer (appellant) first confirm the order submitted to it by the broker.

Appellant's motion for a new trial which was overruled by the trial court sets forth 19 assignments of error, but for the purpose of a determination of this case we think it unnecessary to discuss any of said assignments of error except the sufficiency of the evidence. While other testimony is in conflict, there is no conflict on the question that if, in fact, there was a tentative sale made, and if, in fact, said sale was by implication or expression confirmed by appellant, said sale was confirmed subject to ''canner's pack.'' ''This means if the canner does pack or should pack in the future enough special merchandise to fill the order, then it can be filled, and not until then can it be filled.'' It is not disputed by appellee that this condition was attached to and a part of the alleged sale. This fact is admitted by appellee.

There are two ''Confirmation of Sales,'' exhibits to appellee's testimony, upon which he principally relies, both of said Confirmation of Sales, dated July 14, 1947, state that said merchandise was to be shipped as ''soon as packed,'' and both further state ''this order is confirmed, only subject to canner's pack'' and these confirmations were prepared under the direction of the appellee in his own office and submitted to appellant, there being no written acknowledgement or confirmation of these ''orders'' by appellant.

The alleged purchaser, Waples Platter Company, remains silent throughout the record. Appellee admits that nothing was signed by appellant and admits that the ''orders'' were taken subject to ''canner's pack.'' Appellant's manager, Arvil Hall, testified that no

*standard grade corn* was packed by appellant after or, in fact, several days prior to the date of the alleged sale by appellee. In this, witness Hall was corroborated by Everett Biggs, appellant's plant superintendent, while appellee admits that he does not know whether appellant packed any *standard grade corn* after the date of the alleged sale or whether at the time the order was submitted appellant had a sufficient quantity of *standard grade corn* on hand to fill the alleged "orders."

Upon cross-examination, appellee testified: "Q. You don't know whether he (Hall) has ever packed any *Standard corn* after that (July 12)? (Italics supplied). A. No, sir, I don't know. Q. Mr. Hall, told you that he was going to pack more corn on Saturday, the 12th? A. No, sir, he said *if he packed any more corn* that he would ship these two cars." (Italics supplied.)

Appellee also testified: "Q. The understanding between you and Mr. Hall was that it (the order) had to be confirmed by Mr. Hall? A. That is customary, that it be confirmed by the shipper? Q. That is, before it is a binding order, is that right? A. Yes, sir."

Thus, it must be said that in this case, if, in fact, there were a sale, it was conditioned upon the appellant's packing the commodity sold, after the date of the alleged sale, or whether at the time the "order" was submitted appellant had a sufficient quantity of *standard grade corn* on hand to fill the alleged "order."

In a case decided by the California District Court of Appeals, *McAdoo* v. *Moore,* 233 Pac. 391, the court said: "Where a broker is employed to negotiate a sale and he negotiates a contract of conditional sale, he must show that condition has occurred which converts conditional sale into an actual sale before he is entitled to recover his commission."

The general principles of law relating to the weight and sufficiency of evidence in civil actions generally apply to evidence in actions by brokers to recover compensation. Am. Jur. Vol. 8, § 226, 1119.

There is a total failure of evidence to show that appellant packed a sufficient quantity of *standard grade*

*corn* to meet the condition attached to the alleged sale after the date thereof and there was no substantial evidence upon which the jury could base its verdict and it is the settled rule of this court that every verdict in an action at law must be sustained by some substantial evidence, either direct or circumstantial. *Missouri Pacific Railroad Company, et al.,* v. *Ross, Administrator,* 194 Ark. 877, 109 S. W. 2d 1246. *Glidewell, Administrator,* v. *Arkhola Sand & Gravel Co.,* 212 Ark. 838, 208 S. W. 2d 4, and cases therein cited.

We therefore, conclude, after consideration of all the testimony in this case that there was no substantial evidence to sustain the verdict of the jury and the judgment must be reversed and the case dismissed.

It is so ordered.